Good afternoon, Illinois, public court 1st district court is now in session. The 6th division. The honorable justice Mary Elmick for presiding case number 2, 1 dash 1, 5, 7, 8, Laurel pain versus encompass home and auto insurance company. Thank you council welcome. As you likely both know. We allow 20 minutes per side how it would like to reserve any of that. I'm going to ask you in just a minute. If how much time would like to reserve, you do not have to read. Use the entire 20 minutes and please be assured that we have all read your briefs. Before we start timing, you would each of you please beginning with the appellate state and spell your name and tell us who you represent. Good afternoon your honor Stephen Phillips. S. T. E. P. H. E. N. Phillips P. H. I. L. L. I. P. S. And my middle initials J. I practice with my dad, so his is D minus J. Just so it's we'll call you. But that's still I represent plaintiff Laurel pain. Thank you. And would you like to reserve any time for rebuttal Mr. Yes, your honor 10 minutes should be sufficient. Okay, so then you only have 10 minutes at the beginning. All right, Mr. White. Yes, Brian white B. R. I. A. N. Last name white W. H. I. T. E. And I represent defendant encompass home and auto insurance company. Thank you, Mr. Phillips may begin whenever you're ready. Your honor if I may just pause my video for 1 minute, I can fix the lighting situation. That was good and we won't take it out of your time. We'd like to see your face for the for the justices. Is there a timer anywhere that we see on this or timer is my mind and we are very generous with time. If we're in the middle of something, we will certainly let you finish your point, but it's just a parameter. Okay, I just want to make sure if I'm looking for something. No, we'll probably warn you if we think you're in serious danger of going over your time, but we'll give you time to finish up. I'm much better. Mr. Phillips, you can definitely I apologize. Okay, whenever you're ready. May it please the court your honors. This is a very simple case and a very simple appeal. Candidly, Laurel is listed by name multiple times throughout the policy specifically under the coverages summary and specifically under the motor vehicle protection section of the policy. When we look at the policy and what a reasonable policy holder would be led to believe when reading the policy and bargaining for coverage. Denying Laurel pain coverage leads to a result that completely contravenes the Maryland motor vehicle insurance code, which is intended to be expansive and to protect people who are hurt by under an uninsured tort visas. The Maryland uninsured motorist statute is remedial in nature and therefore should be construed liberally and that's nationwide mutual insurance company versus shilling 468 Maryland 238 and that's 2020 was the year of that decision. The remedial nature of the uninsured motorist statute dictates quote a liberal construction in order to effectuate its purpose of assuring recovery for innocent victims of motor vehicle accidents. Stop you for me. Would any of this matter if Laurel was clearly outside clearly outside the definition of a family member under the policy. Do we get to any of this and she's really not a family. If she doesn't meet the definition of family member. This would not be germane. And I think the analysis starts with her being named and if the court doesn't see her as being named or doesn't think she qualifies for coverage being named Explicitly in the policy, then we move on to in plaintiff's opinion, then we moved on to the analysis of whether she qualifies as a family. Okay, well, okay. What I'm a little confused by is why the trial court used a definition of family member. That is clearly limited to the umbrella policy and to other specific endorsements in the policy and clearly does not at least for what I can see doesn't apply to the uninsured motorist protection. That was my question as well, Your Honor, and I thought that that was something that was very important because there are other definitions in that policy. And if you read the language for each of them. It says this applies as it's used in that section of the policy. And there's no definition. I think we can agree in the uninsured motorist section of the policy, no definition that explicitly applies there. For family members. Yes, that's correct. And I think the defendant concedes that in their brief as well. How was it that the trial court applied this definition from another provision without even seeming to realize that that's what she was doing. Your Honor, I don't know. We made that point. I thought in the briefs and also at oral argument and I don't know it seemingly was was overlooked. I don't have the answer to that. I really don't. Okay. I think our position and candidly, it is our position that we need not look further than the Maryland statute itself. And that's insurance code section 19 dash 501 And that says that a quote named insurer is afforded coverage named insurer. Importantly, named insurer means, quote, the person denominated in the declarations in a motor vehicle liability insurance policy. It isn't that really parents aren't they really the only named insured. Why, why do you say that she's a named insured I understand she's a doesn't. She's a rated driver, but that's different than maybe sure That your honor the policy holder. You're right, is Jay Benson pain and Emery paint. That is what the policy holder says. But if you look at the actual coverages section of the policy as it relates to the motor vehicles and the liability protection. She's listed right there. And it says underneath coverages and motor vehicle protection. She's listed and under the that statute. It says she need not be specifically denominated as the named insured or the policy holder. If her name is listed in the deck page that's her The trial court even found that when the trial court said, quote, she was listed in this was an oral argument and it's see to 509 in the record. Well, she was listed in the policy as a driver in the declarations and in the policy in connection with the three cars that were listed as covered vehicles and quote I'm, I'm a little confused as to why you think this is a better way to coverage than just simply saying she's a family member. Because very rarely is there a person like Laurel specifically named in a policy like this where there's premiums being paid. There are Extra charges being made on the policy for coverage for her and her name is explicitly in the policy. And I think it's a different potentially a different story. If there was a another child of the pain household that wasn't Mentioned explicitly in the policy, then the courts analysis might be different. But when you have an individual who is named in the policy under the vehicle protection and coverages section and there are premiums being paid on her behalf. For coverage. I think that makes it very clear what encompass knew they were getting into when they issued that policy and also what the reasonable expectations of the policy holders were in covering their Dog. So do you believe that there may be a difference between between one being named insured and being a covered party. That if there's a difference between being a named insured and a covered party under Maryland law covered under the policy, but is she a named insured. I think under Maryland law in the way that that statute reads And the Forbes case. She is covered and she is a named insured the Forbes case says that the word named insured or word policy holder need not be used if the person is on that page and their name appears there. They are covered So if I'm understanding you. This is an alternative way in which in your mind. She clearly has covered. She's covered as a family member and she's also covered because I've been Maryland law and statute and Forbes. She is A covered person, even if she's not that named insured Exactly. Let's just, let's just think that through for a moment. If unless assume that this is not an uninsured motorist issue. If someone is driving the car. If you have a 30 year old adult child living in the home with you and they're driving your car and they have an accident. Clearly, they would be covered. Correct. No doubt about that. We all agree that that would be covered. Is that correct, counsel. Coverage would go with the vehicle. Yes, you're right. If they wouldn't be a named insured, they would be a covered, they would be covered, though. Correct. If their name wasn't in the policy. Yeah, even if their name wasn't in the policy, they'd still be covered. Right. Yes. Because they're driving your car. Now what this case is different because we're talking about a situation where we're looking To be covered under the uninsured motorist provision after an accident which didn't involve the motor vehicle. She was a pedestrian walking across the street hit by a car. An underinsured the driver and now she's seeking to go after her parents policy as an insured party. And not in there's an issue. I'm not going to decide that whether she is an insured a party. That's, that's the issue. That's the ultimate issue in the case, but She's seeking to go after the policies. If she is an insured party. So the real issue here is that if we find that she's not either an insured party or a family member. Then there will be no coverage under that provision, there may be covered is there may there may there may would have been covered coverage has she been driving the vehicle and had an accident. So just kind of walk us through all of that. And how do you see that it's been different because we're talking about the uninsured mortars provision. And I acknowledge as justice make what has said there's no definition of family member there. And this is a different question, which I like you to address at some point, but we courts very often look at other Statutes or other legislation to determine how the legislature may have been may have intended to define terms. So what will be wrong with this Council suggests As Mr. White suggest in his brief that we look to the other provisions of the policy and look how the insurance company defines that and then use that definition to apply to another area where it may not have been defined So I know I put a lot on you there, but if you can kind of get to all of it. Yeah, yeah, I guess chronologically. So starting first with the issue of her not being in a motor vehicle. The Maryland law is clear that this statute is underinsured motorist statute is remedial in nature and it's expansive and broad and it's intended to protect people exactly like her, who are hurt by on or underinsured motorist So it's a wide sweeping statute. And I think that's in some of the cases that we cited in our brief and our library. The statute is to be interpreted liberally to protect injured people who are injured by tortfeasors who don't have enough insurance. The fact that she wasn't driving a vehicle. I agree with you, Your Honor. She was in her parents vehicle at home. I would like to think that she would be covered just by the fact that the vehicles covered and coverage goes with the vehicle. I would like to think that encompass would not dispute that Maryland law is different than maybe how we have thought here in Illinois certain words are interpreted and I read the statute and I read Forbes And it says that the person need not be a quote named insurer or need not be a quote policyholder if this if they are listed in this the declarations page of the policy. They are covered and in Forbes. I believe the spouse, the wife. I don't think she was listed in the policy as a policy holder, but she was rated as an operator. I believe she co-owned the car and her name appeared on that deck page and the court said, although they decided the case on another issue they decided that on whether she was a family member or not. The court said from the outset, a quote very strong case can be made that she's afforded coverage as a named insured under the motor vehicle statute. Because The court, the Maryland insurance code expanded the definition of named insure to include a person denominated in the declarations and a policy. So the court in Maryland expanded that to include people who are listed in the policy in the declarations page. And that's why I think whether or not She's a family members, maybe a secondary analysis to make. We think she's covered right there with her name being there under the motor vehicle protection and coverages summary. And that page, Your Honor, actually has a reference to the uninsured premium that was being paid. So it says right on the top uninsured motorist and then a list of other coverages and then at the bottom, it says Laurel paint. So we think that she's covered. As for Your Honor, second Stop. One quick question. What you're calling the declaration page is the page that says motor vehicle protection coverage detail for 1991 Mercedes. That's what you're calling the declaration here. And other pages throughout the policy. Yes, Your Honor, there was no page provided or tender to us that has the word declaration at the top. Okay, I'm sorry. Finish Justice Walker's question. And then I think we're going to have to cut you off. Sure, understood. And Justice Walker. The second part of your question. I've candidly forgot what the second part of your question. If you recall, I'm trying to think it was regarding It was regarding the way that we interpret statutes and that why would we not interpret the insurance policy. The same perfect statutes. Absolutely. Because in under Maryland law, if a policy is ambiguous. And if the court thinks that the policy is ambiguous. The policy is supposed to be construed against the drafter of the policy. The fact that there are other pages or other sections throughout that policy that define family member And the one most important section we have in this case doesn't have a definition I think that I don't know why it's not provided. I'm not sure. But I think that that's very, very important here to not just borrow sections throughout the policy. Because the policy itself in those other sections says as it's used specifically in this section of the policy or this segment of the policy. This is how it's defined And I don't know what verbatim. It says, but it's very, very close to that. And it says this is to be used only in this section. It doesn't say as it's used throughout the policy as a whole. So it's saying apply it only to this segment or this portion of the policy. And that's why we think that it's not proper to borrow definitions from other sections of the policy and read them into You know this section of the policy. And I think my time has elapsed, Your Honors. Yes, unless anybody else has questions for counsel right at this moment. All right, Mr. White. Oh, did Mr. Justice Johnson. Did you have a question. Not at this time. Thank you. Mr. White. Thank you. May it please the court. Defendant believes that the summary judgment entered is proper. The defendant believes that Laurel Payne is not considered in this instance a named insured under the policy. This Payne focuses on 19-501 of the code. And that specifically mentions the term named insured in the declarations. And yes, while there is no specific page in the policy that indicates the word declarations, if you look at C-37, that's the summary, and that shows policyholder slash named insured as being Emory Payne. And Jay Penson Payne, Ms. Payne's parents. Nowhere in the coverage summary do we see Ms. Payne, Laurel Payne, excuse me, being named as a named insured. Her name is in the policy. That that cannot be disputed or contested and a premium was paid that also cannot be disputed or contested. But with regards to the definition of named insured and policyholder that belongs to her parents, not her. I think the issue with Forbes is that the decedent in that case was the spouse. And they found instances when it's a spouse that is maybe not on the policy that they can be considered the named insured in that situation. In this case, Ms. Payne is not the spouse. She is the daughter of Mr. and Mrs. Payne. Then why is she not a family member? So with regards to the family member issue, we do think that the umbrella policy is applicable. That umbrella policy premiums were paid to incorporate the umbrella policy into the other policies. Where does it say the umbrella policy is incorporated into the other policies and the umbrella policy says throughout this umbrella endorsement when the following words appear, they are defined throughout the umbrella endorsement. It's kind of specific. So in C-49 where it talks about the personal umbrella coverage, it does list that covered exposures include the 1991 Mercedes-Benz, which is what is being claimed as the avenue for the rated driver, as well as the underinsured motorist coverage. I'm sorry, let me back up. So is this a claim under the umbrella endorsement or is it a claim under the uninsured motorist endorsement? Well, it's an underinsured motorist endorsement, but I think we have to look to the umbrella that gives us the definition as the family member. I think family member is a defined term. I don't think that it's just a generic term that we can just look to and say, well, anyone can be a family member or blood or adoption. I think it's very much a defined term. And that's why we have to look at the umbrella policy to explain who is a family member. Why wouldn't you define it in the uninsured motorist coverage like you do in the boat coverage, you do in umbrella coverage, you do in other specific coverages, you specifically have definitions, but those definitions are quite absent from the uninsured motorist coverage. And And that is, that is a question that obviously is that issue here. And I, again, I just look back towards the policy saying it's a covered exposure under the umbrella, which is why we go to look at the definitions in that umbrella. Um, covered exposure. We're in the record. Does, does the umbrella policy get umbrella endorsement get brought into this thing? I'm just, I'm sorry. In page C40 on the record C49 that talks about the personal umbrella coverages. Towards the bottom of the page where it starts talking about the premium. It talks about covered exposures and it includes the vehicles. And one of the policy would get triggered in a motorist claim, but was it triggered in this case. The coverages Well, the coverages would would apply to the Mercedes Benz and that would be the you the underinsured motorist claim. I understand, but the claim made here is an umbrella coverage claim or is an uninsured motorist coverage. Well, it's, it's an underinsured motorist coverage claim that that's the nature of what's being asserted in this, but I think we still have to look to the to the umbrella. Well, the umbrella doesn't kick in, the umbrella doesn't kick in until the uninsured motorist provision is That limit is met. And then if there's if the damages goes be go beyond what is covered under the uninsured motorist provision, then the umbrella policy kicks in. To satisfy what's whatever that overage is. But, but my question, though, counsel is the you're saying that she's not An insured party yet they paid an additional $133 a year, or maybe every six months for additional premiums to have her listed on the policy. Her name is is is all throughout the policy as clearly as a covered party. Why should we, or why should any court assume that she's not insured when she's a covered party. That's why I asked the question earlier, and I'll ask you the same question. Do you believe there's a difference between a party that's covered in a party that's insured under these circumstances. Absolutely. I think, I think, and I think you had you and counsel had a previous discussion about You know, with the dynamic or the analysis change if she was in a vehicle. And yes, I do agree that the dynamic could change or the analysis could change if, for instance, she was living at home. But the fact that she was living in Chicago away from the property. I'm certainly she established Illinois residency. She was gone for over a year and a half and living in Illinois, Illinois driver. Council, you're dealing with the family member issue right now and Mr. Phillips has kind of put that on the back burner here. He's arguing it but you know he believes the strongest argument is that she's clearly an insured. So let's kind of stick to that for a moment. And let's get back on track. I don't think I don't think she's listed as an insurer. Again, her name's on it. And yes, a premium is paid for it. But when we look at the summary state page. It clearly directs that the policy holders and named insured are her parents. I think if if the intent was to have Laurel pain listed as a named insured that that is something that the pains could have done instead of they just paid a premium to have her put on the vehicles. I do think there's a difference as to where she's located. I think as a rated driver that suggests that she simply uses the vehicle, but I think for her being a named insured that's that's not consistent with the policy. But, but that was the purpose for them paying the additional premiums and adding her name on there. Generally, if they're if you have a 30 year old daughter or 25 year old daughter living in the home with you who periodically drives your car. There's no need to inform the insurance company that, hey, this is another driver of the car. We need to add her to the insurance policy. Generally, you're adding them because you want them to be an insured under the policy. That's the purpose of adding them because otherwise there's no need to add An adult child above the age of 25 That's living in the home with you. And I understand that and and and yes, they made that agree, you know, they put that on and she was listed on the policy well before this accident when she was a student. And for some reason, whether it was the pains or whether it was encompassed that was never addressed. It was the coverages were never changed to address where she was residing. Um, so, yes. So let's back up a second. You just said she was added when she was a student. So she was probably below the age of 25 we don't know that I'd have to look back at the record to confirm that in VW know you can confirm it right now. So she was probably not above the age of 25 the parents policy probably didn't cover vehicle or drivers of the vehicle under the age of 25 so they specifically added her to make sure she would be an insured under the policy. So now that time has elapsed and she's no longer under 25 years of age. How can you now argue this. She's not an insured under the policy. Because we still have to look at the facts of the loss to determine if she qualifies for coverage. Whether she's a named insured or just a covered person, you still ultimately need to look at where the accident happened or the facts of the accident to determine if that falls within the coverage of the policy. If an individual has insurance motor vehicle insurance and they're involved in an accident. As she was walking as a pedestrian. Clearly, if her mom or dad had been hit by that car, you would agree that they're insured they're covered the uninsured motor provision kicks in. And then if that's not enough to cover all of her injuries, then the umbrella policy will kick in. You would agree with that. Correct. Yes, because they are the insured. Absolutely. And now you're saying that even though she's listed in the policy. Your argument is that she's not a named insured, even though she's paying premiums have been paying the parents have been or maybe she's been paying them herself get by giving the money back to our parents for years. So she's in the reason that they paid the money to the insurance company those premiums were paid so that she would be listed as an insured party. And I don't that's that's not an issue that's been that's in disagreement that the premiums were paid. But the question then becomes, does she qualify for the coverage based upon the facts of the loss. Well, we'll get to the coverage. Next, the question now is based upon the payment of those premiums and and and her being listed in the policy. Is she an insured you're saying it seems like now you're saying maybe so, but she does. He's not covered under this situation, she, she is not the named insured. She might be a covered person because a premium was paid, but pursuant to how you or they is defined. She's not she wouldn't be considered the named insured. But is she a family member. What is the coverage for it's not for this, I guess, is maybe part of Justice Walker's question. What is this coverage for what is premium paid for The premium is paid for if a loss occurs that's within that falls within the coverage. But what is that Where is How is she covered for what She would she would be covered under in this instance, you know, they will look to As in this case, one of the avenues is a family member or their argument is a you and while encompass does not believe she qualifies as the you or the named insured We also do not believe she would qualify as a family member. Now she was living at home. That's, again, a different analysis, then she would qualify as a family member or if she was in school and living away or the military and living away and she was in the premium was paid. Yes, she would still apply as the family member. So then that begs the question as to what their remedy would be for your having accepted their premiums for this additional coverage when It sounds like you're saying she could not be covered. But yet your company continue to accept the premiums and listed her on the policy as if she were In and again that goes back to, though, you have to look at the facts of the loss to determine if something is covered I mean, in this case, we know the facts, but there's other situations where a homeowner claiming an intentional act just because You know the the the insured punches someone in the face and commits an intentional act doesn't mean that they're entitled to coverage. You still have to perform an analysis to determine. Yes, you pay a premium you you hope or expect that you get a covered that your loss is going to be covered But if the facts fall create an issue where it's not a covered loss that then it can be denied. It's we see this with storm cases or flood cases or water backup with homeowners claims all the time. We still have to look at how the accident happened determine if it falls within the coverage of a policy. And even if you're the named insured, you might not be afforded coverage under it. So just just want to go to rehash this one more time, though, you agree that if her mother had been hit by this vehicle while crossing the street. That would be a covered incident. Correct. Correct. Because she would she would be defined as you and the only difference here is that you don't believe the daughter was listed in the policy. Who's been paying premiums is also covered from that same accident. They were walking down the streets together, the mother would be covered in the daughter would not. Is that what you that's your argument. Correct. Yes, that that is essentially the position that encompasses put out there. And you do it now that you paid print that they pay premiums to you for years. Yes, that that has never been in the city to be covered. So, to be so that they would be covered. So that they could potentially have coverage, depending on the facts of the loss. Yes. Well, if you're claiming this is a factual question, then it's probably shouldn't have been a summary judgment case in the first place. If there's still a factual issue out there. Well, based upon the case. I apologize. Well, well, there's no, I'll let you walk it back. Go ahead, walk it back. Thank you, Justice. The issue is how the, how the loss occur is, is where she does she qualify as a family member and that's the analysis that encompass ultimately determined based upon its investigation that she didn't qualify as a family member. We know it's a pedestrian. That's not dispute. We know that she was hidden by a vehicle. That's see that's that you keep going back to family member. That's not Mr. Phillips strongest argument. He told us that wasn't his strongest argument. He believed the strongest argument that she's an insurer. So that's why we're still discussing that now. But since you want to discuss family members. Let's, let's start. Let's discuss family members. The policy as justice make was started out. There's nothing in this particular particular part of the policy that defines family member. Therefore, it would be we would we would interpret that against the in the against the insurance company, because they didn't define that what a what a family member is you want us to take a definition from the From some other part of the policy, but the each part of that policy is Mr. Phillips stated earlier reads or maybe just as I said, I don't remember who said it, but it reads such that it says that it only applies here. And basically, it implies that it shouldn't be used anywhere else. So you can respond to that. I think case law says that you have the Maryland case law says you look at the policy as a whole. And yes, there's no in the underinsured motorist coverage, you do not see a definition for family member, nor do you see a definition of you, but we have to look at, we can look at other areas of the policy to help understand what those definitions are. Right, but I can. I'm pretty sure it was just as much for who said this earlier that The thing is, is that that provision. If we look to another provision of the policy. It says that it's limited to this provision and that this definition shouldn't be used elsewhere in the policy. So now we all agree. And I think you agree, because you just said it, that there's no definition in the uninsured motors provision. Correct. Correct. If you look at No definition there. And then the definition elsewhere says that this, this definition only applies to this particular provision. It should not be relied upon anywhere else. Why are we relying on it. That's the insurance company wrote that Miss pain didn't write that it neither their parents. I think if we look at the policy as the whole we get the definition And and the definition is in the motor, motor, motor vehicle segment section. So it is defined in the, you know, obviously, then the question is, where is the motor vehicle segment as to how that's defined The uninsured motorist coverage section does have some definitions and it just doesn't define those terms. Correct. I think in the definition section, the, the, the introductory paragraph talks about where the definitions might be or could be and what might be replaced or what might be edited So it sounds like it may have just been a scrivener's error on the part of the insurance company to not include it. That's what it kind of sounds like here. You agree. I don't know if it was a scrivener's error or not. I, I, I wish I could give you a different answer. Well, if it were intended to be there and we're supposed to rely on it, then it's gotta not be there because of someone's error or they didn't intend for it to be there. And if they didn't intend to define it, then it's the, the, the, it's gotta be the policy has to be construed against them. Well, I think, I think if the question is of you or family member and and the position is that's not defined, then I, then I think to to to an earlier statement you made is, is that a question of fact that Okay, well, you're saying it's a question of fact, I'm not taking a position on whether it's a question of fact or not. That's what I said. You could walk it back. I'm not, I'm not taking a position on anything right now. I'm just trying to understand. No, understood. Understood. Yeah. So, I think we also have to look at the case of Monday. I know council wants to focus on Forbes. I think the case of Monday is is more on point. I think the provision that is cited as restricting The under insured motorist coverage, the Maryland appellate court has held that is a constitutional provision. It's not certainly an exclusion. It's simply narrows it I think Monday is more consistent with this case than Forbes in money. That's the, that's a son, the son clearly No longer was residing at home. And I think more importantly in Monday to it addresses the issue as to who the named insured were and that listed it as the parents. I think it's distinguishable from Forbes as trying to say that that Mrs. Forbes or the decedent Is a named insured because they've also held that that when it's a spouse that that is fairly common. In this case, again, it's, it's the daughter, Miss Payne, who's asserting coverage. Also, your time is up. But if there's any points you weren't able to make or any questions. No, thank you so much. Okay. Mr. Phillips. Thank you, Your Honor. Working backwards, starting first with Monday, I suppose, because that was the most recent point Monday is not on point in this case in Monday. There's two important distinctions and we mentioned this in the brief, so I apologize for Rehashing it but in Monday. The question was whether a child of a policyholder who is not explicitly named in the policy whose name doesn't appear in the policy. Can be afforded coverage by virtue of the relationship to the parent. This is different laurels in the policy at least eight or nine or 10 different times. Second, Monday, the parents asked him to move out of the home and live elsewhere and not return. And that is certainly not the circumstance here. So those are two big distinguishing factors in Monday laurels still consider Baltimore to be her home and like many people honestly younger That's going to lead you right back to walkers question of fact, so I don't think that's what you want. I agree, Your Honor. I just felt the need to touch on Monday. It's not on point. The second thing is, and Justice Walker made a very good point of this laurels parents bargained for this coverage. If this was a scenario where Laurel was not explicitly mentioned in the policy and she had this loss and her parents picked up the phone and called and compass and said, our daughter just got hit by a car. The first thing they would have said, I think, is, well, she's not listed in the policy. You haven't been paying premiums for her. You should have had her listed in the policy. That's, I think the first thing they would do. They did that and they did that for years before this and they did that to provide coverage for their daughter and they went above and beyond what a normal parent, I think, would do, which is just assume that the kids are covered right they're not coverage attorneys did what a really good parent would do and have the kids listed by name in the policy pay additional premiums for the children's behalf. Ensure the premiums got paid and be sure that there's uninsured coverage as well uninsured motorist coverage and they did all of that here. This is not a situation where the court has to kind of speculate or guess as to whether or not the parties are certainly the plaintiff intended to have coverage for a child or intended to have coverage for another person. She's listed right there in the policy and they put encompass on notice when Laurel was well below age 25 I think at the time she was 23 when she was injured in this accident. So well before that encompass had been made aware of and was charging her for additional premiums for her coverage. So I think with that in mind, you know what her parents and her bargain for it's pretty clear as it relates to the policy and how she's listed Last little point here before I Before I ask if the court has any questions, the defendant had a lot of trouble there at the beginning, answering why there was no Specific definition for family member in that portion of the policy and absent that definition again. The policies to be construed against the policyholder Laurel did not draft the policy encompass had the opportunity to put whatever they wanted into that policy and they did not. And with that, Your Honor. I think again, this is I didn't get one quick question is umbrella coverage triggered in this claim at all. Is there a claim for umbrella coverage. I suppose that that may depend on the the loss candidly Radically, it could get truck. It could get Triggered but but it's not right now. It's just a claim under the uninsured mothers. That's correct. And I suppose it would depend on what an arbitrator may award. Okay. Any other questions from anybody else. No, thank you. All right. Thank you console. We will take this matter under advisement and we'll hear from us shortly. Thank you for a very spirited argument on both of your sides.